UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF RIVER BIRCH INCORPORATED | CIVIL ACTION NO.  2:11-cv-404 |
| Plaintiff | SECTION "    " |
| VERSUS | |
| | JUDGE |
| CREEK SERVICES, L.L.C. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | MAGISTRATE |
| Defendants | |

## COMPLAINT

Plaintiff, the United States of America for the use and benefit of River Birch Incorporated ("River Birch" hereafter), through undersigned counsel, respectfully submits:

## JURISDICTION

1.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3).  The Court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

The contract at issue was performed in this district. Therefore, venue is proper pursuant to 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1391.

## PARTIES

2.

River Birch is a Louisiana corporation with its principal place of business in Jefferson Parish, Louisiana.

3.

Made defendant herein is Creek Services, L.L.C. ("Creek Services" hereafter), a Louisiana limited liability company with its principal place of business in Jefferson Parish, Louisiana.

4.

Made defendant herein is Travelers Casualty and Surety Company of America (hereinafter, "Travelers"), a foreign insurer with its principal place of business in Hartford, Connecticut, licensed and doing business in the State of Louisiana and this district.

## FACTUAL ALLEGATIONS

5.

On or about September 25, 2009, Creek Services entered into a contract with the U.S. Army Corps of Engineers ("USACE" hereafter), project number ED-09-069, contract no. W912P8-09-D-0045-0003 (the "Prime Contract"), HubZone MATOC Task Order for West Bank & Vicinity, New Orleans, LA, Westwego to Harvey Canal, Hurricane and Storm Damage Risk Reduction System (HSDRRS) Orleans Village to LA Hwy. 45 Levee Phase 2, First Lift, (WBV-14b.2), Jefferson Parish, Louisiana ("the Project" hereafter).

6.

On or about September 28, 2009, Creek Services obtained from Travelers a Miller Act payment bond, number 105331668, in accordance with 40 U.S.C. § 3131, in the penal sum of $11,058,474.00 ("the Bond" hereafter). A copy of the Bond is attached hereto as Exhibit "A."

7.

On or about October 1, 2009, as amended on March 26, 2010, River Birch and Creek Services entered into a subcontract for the provision of clay soils by River Birch to Creek Services in connection with the Project (the "Subcontract" hereafter). A copy of the executed subcontract and amended subcontract are attached hereto as Exhibits "B" and "C."

8.

For clay soils mined, processed and loaded on Creek Services' trucks by River Birch, the Subcontract provides that Creek Services will pay River Birch at the rate of $14.25 per cubic yard of soil compacted in place at the levee. *See* Exh. "C," §4. The monthly quantities for which Creek Services will pay River Birch were to be determined by the USACE and Creek Services was required to provide River Birch with copies of the USACE's written determination of the quantities compacted on site.

9.

In August of 2010, River Birch mined, processed and loaded approximately 10,682.41 cubic yards of clay soil for Creek Services which was compacted at the Project site. A copy of the Invoice and Quantity Surveys are attached hereto as Exhibit "D."

10.

Creek Services owes River Birch $152,220.50 for this labor and materials per the terms of the Subcontract which said amount has not been paid despite repeated demand for same.

11.

Upon information and belief, the USACE has paid Creek Services for the labor and materials provided by River Birch.

12.

Counsel for River Birch wrote to Creek Services on November 23, 2010, demanding payment, to no avail.

## COUNT I:  BREACH OF CONTRACT

13.

Plaintiff adopts, realleges, and incorporates the preceding allegations of the Complaint as if copied herein *in extenso*.

14.

Plaintiff and Creek Services entered into a binding contract.

15.

Plaintiff has performed all of its obligations under the Subcontract and any change orders thereto.

16.

Creek Services has breached the Subcontract by failing or refusing to pay in full for all labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract.

17.

Creek Services, therefore, is liable to Plaintiff for damages caused by its breach of contract.

18.

Plaintiff has suffered damages as a direct and proximate result of Creek Services' breach in the sum of $152,220.50 and such other amounts as will be shown at the trial of this matter.

## COUNT II:  OPEN ACCOUNT

19.

Plaintiff adopts, realleges, and incorporates the preceding allegations of the Complaint as if copied herein *in extenso*.

20.

Creek Services purchased materials from Plaintiff on an open account basis.  *See* Exh. "D."

21.

Written demand for payment was sent to Creek Services more than thirty days ago.  Creek Services, however, has failed or refused to pay the outstanding sums due and owing.

22.

Citation and service of this Complaint shall also be deemed written demand pursuant to La. Rev. Stat. 9:2781(A).

23.

Accordingly, Creek Services is liable to Plaintiff for the outstanding balance due of $152,220.50 as well as for attorney's fees incurred in connection with the prosecution of this action.  La. R.S. §9:2781(A).

## COUNT III: ENRICHMENT WITHOUT CAUSE

24.

Plaintiff adopts, realleges, and incorporates the preceding allegations of the Complaint as if copied herein *in extenso*.

25.

Plaintiff pleads Count III, Enrichment Without Cause, in the alternative to Counts I and II.

26.

If Plaintiff does not have a remedy at law that will permit it to recover the balance due under the Subcontract with Creek Services, then it is entitled to recover based on the doctrine of enrichment without cause.

27.

Plaintiff provided valuable labor, services and materials that were necessary for Creek Services to perform and complete its obligations under the Prime Contract on the Project.

28.

Creek Services benefitted from Plaintiff's labor, services and materials. In fact, Creek Services could not have fully performed and completed its obligations under the Prime Contract in the absence of the labor, services, and materials provided by Plaintiff.

29.

Creek Services has failed or refused to pay Plaintiff for the labor, services and materials provided in connection with the Project.

30.

Plaintiff has been impoverished as a result of Creek Services' failure to pay Plaintiff for the labor, services and materials provided in connection with the Project.

31.

Creek Services has been enriched without cause at the expense of Plaintiff.

32.

No justification exists for the enrichment of Creek Services.

33.

By virtue of its enrichment without cause, Creek Services is bound to compensate Plaintiff for its damages in amounts that will be shown at trial, including but not limited to the reasonable value of all labor, services and materials provided to Creek Services in connection with the Project.

**COUNT IV:  MILLER ACT**

34.

Plaintiff adopts, realleges, and incorporates the preceding allegations of the Complaint as if copied herein *in extenso*.

35.

Pursuant to the Bond, Travelers bound itself as surety for the payment of amounts due to subcontractors furnishing labor or materials in connection with the Prime Contract.

36.

Travelers is obligated, therefore, to pay Plaintiff for the labor, materials and services Plaintiff furnished to Creek Services in prosecution of the work provided for in the Prime Contract and for which Creek Services has failed to make payment.

37.

Plaintiff is entitled, pursuant to the Miller Act, 40 U.S.C. §3131, *et seq.*, to payment from Travelers for the labor, materials and services furnished by Plaintiff to Creek Services on the Project in the sum of $152,220.50.

**WHEREFORE**, Plaintiff, River Birch Incorporated, prays that after due proceedings herein, that there be judgment in its favor and against defendants, jointly, severally, and in solido, for such damages as are reasonable in the premises, and for its costs and attorney's fees incurred in prosecuting its claim, and for such other and further general and equitable relief as is appropriate under the circumstances.

Respectfully submitted,

*/s/ Patrick S. McGoey*
Patrick S. McGoey, 24549
William P. Gibbens, 27225
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, McGOEY &
McEACHIN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, Louisiana  70130
Telephone:  (504) 680-6050
Facsimile:  (504) 680-6051
patrick@semmlaw.com
billy@semmlaw.com
andrea@semmlaw.com

Attorneys for Plaintiff, River Birch Incorporated