```
                     UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                         CIVIL ACTION
for the use and benefit of
RIVER BIRCH INCORPORATED

v.                                               NO. 11-404


CREEK SERVICES L.L.C. and                        SECTION "F"
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA
```

ORDER AND REASONS

Before the Court is the defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion is DENIED in part (as to the open account claim) and GRANTED in part (as to the unjust enrichment claim).

**Background**

This Miller Act case arises out of a contract for the purchase of clay material to be used on a levee enlargement project for the United States Army Corps of Engineers.

In September 2009 the Corps entered into a prime contract with Creek Services, L.L.C. to construct and enlarge a levee.  Some days later, Creek Services obtained from Travelers Casualty and Surety Company of America a Miller Act payment bond in the sum of $11,058,474.  On October 1, 2009 Creek Services subcontracted with

1

River Birch, which was charged with providing the clay soils for the project; the Creek Services/River Birch subcontract was amended on March 26, 2010. The subcontract obligated River Birch to mine, process, and load up to one hundred thousand cubic yards of processed clay. In exchange, Creek Services was obligated to pay River Birch $14.25 per cubic yard of soil compacted in place at the levee. The Corps was responsible for determining the amount of soil River Birch was required to provide, and Creek Services was required to give River Birch copies of the Corps' written determination of the quantities compacted on site each month.

In August 2010 River Birch mined, processed, and loaded approximately 10,682.41 cubic yards of clay soil, which was compacted at the project site. On November 23, 2010 River Birch demanded that Creek Services pay it $152,220.50 for the labor and material according to the standard terms of the subcontract. On February 17, 2011 the United States, for the use and benefit of River Birch, sued Creek Services and its surety, Travelers, to recover $152,220.50. Asserting that the Corps already paid Creek Services, River Birch asserts claims against Creek Services for breach of contract, violation of the Louisiana Open Account statute, La.R.S. §9:2781(A), and unjust enrichment "if Plaintiff does not have a remedy at law"; finally, River Birch asserts a Miller Act claim, pursuant to 40 U.S.C. § 3131, to recover on the payment bond issued by Travelers. Creek Services and Travelers now

seek dismissal of plaintiff's open account and unjust enrichment claims only.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982). Indeed, the Court must first identify pleadings that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 1950. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an

entitlement to relief." Id.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 129 S.Ct. at 1949 (2009))(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557) (internal quotations omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" -- that is,

any documents attached to or incorporated in the plaintiffs' complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public records and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 379 (5th Cir. 2003).

II.

A.  Open Account Claim

Creek Services contends that River Birch fails to state a claim on open account because River Birch has not pled, and cannot show, that a line of credit existed between the parties. River Birch counters that neither the open account statute nor the Louisiana Supreme Court requires one to plead a line of credit to establish an open account.

The Louisiana Open Account Statute defines "open account" to include

> any account for which a part or all the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.

La.R.S. 9:2781(D). Because liability for attorney's fees is at stake, the state high court has previously mandated that the Louisiana Open Account statute must be "strictly construed." See

5

Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La. 1984).

As the Fifth Circuit recently has observed, "[a] hallmark of an open account is that '[t]he total cost, unlike a contract, is generally left open or undetermined, although the rate for specific services may be fixed, such as an hourly rate.'" Ormet Primary Aluminum Corp. v. Ballast Technologies, Inc., No. 10-30710, 2011 WL 2342687, at *3 (5th Cir. June 14, 2011)(unpublished, per curiam)(citations omitted)(noting that "Louisiana courts have defined an open account alternatively as 'an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings.'").

The most recent Louisiana Supreme Court decision interpreting the open account statute is Frey Plumbing Co., Inc. v. Foster, 996 So.2d 969 (La. 2008). In Frey Plumbing, the plaintiff-plumber performed a single job for the defendant-homeowner, submitted a single invoice for payment, extended no line of credit, and did not anticipate performing additional work. Id. at 970. Nonetheless, the state high court reversed the lower court's ruling that the open account statute did not apply because the parties did not contemplate future transactions. Id. at 972. The state high court determined that the open account statute must be applied as written. Id. at 972 (noting that "there is no requirement that there must be one or more transactions between the parties, nor is

6

there any requirement that the parties must anticipate future transactions"); see also Credit Bureau Servs. v. Lundberg, 10 So.3d 883, 884 (La. Ct. App. 2009)(stating that open account statute must be applied as written).

Applying these principles, the plaintiff maintains, a one-off agreement to provide services for a particular job satisfies the open account statute if it otherwise fits the definition in La.R.S. 9:2781(D). Here, the plaintiff contends, River Birch agreed to provide an amount of processed clay to be determined by the needs of the Corps, and the monthly fee was to be determined by the amount of material actually compacted. Because Creek Services refused to pay River Birch upon being billed, the plaintiff maintains that it has stated a claim on an open account. The Court agrees.

River Birch's open account claim satisfies the facial plausibility pleading standard. Regardless of whether (as Creek Services asserts) a line of credit serves as a key factor in determining whether an open account exists, that is not determinative in light of the clear language of the Louisiana Open Account statute and the state high court's reminder in Frey Plumbing to apply it as written. Whether the dealings between the parties constitute an ordinary contract or an open account must

await a merits-review.[1]

B. Unjust Enrichment Claim

Creek Services next contends that River Birch's claim for unjust enrichment fails as a matter of law because River Birch has pleaded other claims. River Birch agrees that a claim for unjust enrichment may only succeed when there is no other remedy at law; however, River Birch maintains that dismissal of its claim would be premature because River Birch asserted that claim in the alternative to its other claims. Because Federal Rule of Civil Procedure 8 allows a plaintiff to bring multiple, inconsistent claims, River Birch insists, a plaintiff may assert an unjust enrichment claim in the alternative to other remedies.

Article 2298 of the Louisiana Civil Code codifies Louisiana's doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person.... The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

La. Civ. Code art. 2298. To support a claim for unjust enrichment under Louisiana law, a plaintiff must show five elements:

(1) there must be an enrichment;
(2) there must be an impoverishment;
(3) there must be a connection between the enrichment and the resulting impoverishment;

---

[1] Cf. Congress Square L.P. v. Polk, No. 10-317, 2011 WL 837144, at *6 (E.D. La. Mar.4, 2011)(determining, on summary judgment, that agreement between the parties constituted an ordinary contract and not an open account).

> (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment; and
> (5) there must be no other remedy at law available to the plaintiff.

Carriere v. Bank of Louisiana, 702 So.2d 648 (La. 12/13/96). Here, the parties dispute whether the no-other-remedy at law element has been or can be satisfied. Creek Services contends that the availability of other remedies at law precludes an unjust enrichment claim. River Birch responds that stating its unjust enrichment claim in the alternative is enough to avoid dismissal at this stage. While there appears to be some support for River Birch's argument,[2] the Court is unpersuaded.

---

[2] Other Sections of this Court have allowed plaintiffs to pursue unjust enrichment claims in the alternative to other remedies, seemingly in reliance on federal procedural law without analyzing the effect on Louisiana substantive law. See McCullum v. McAlister's Corp. Of Mississippi, No. 08-5050, 2010 WL 1489907 (E.D. La. Apr. 13, 2010)(Lemmon, J.)(finding that Louisiana law permits unjust enrichment to be pleaded in the alternative); see also ORX Resources, Inc. v. Autra, No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009)(Africk, J.)(finding that the federal rules permit a claim for unjust enrichment to be pleaded in the alternative); see also Mayer v. Lamarque Ford, Inc., No. 00-1325, 2001 WL 175232 (E.D.La. Feb. 16, 2001)(Clement, J.)(denying motion to dismiss unjust enrichment claim because the plaintiff pled unjust enrichment not as exclusive remedy but in the alternative to other claims for the same alleged wrong). Another Section of this Court has disagreed with that approach. Patterson v. Dean Morris, L.L.P., No. 08-5014, 2011 WL 1743617 (E.D. La. May 6, 2011)(Duval, J.)(holding that "[t]he availability of an alternative remedy bars [the plaintiff's] claim for unjust enrichment and entitles [the defendant] to summary judgment on her claim of unjust enrichment" and noting that the fact that the plaintiff failed to prevail on other remedies does not negate the fact that such remedies were available to the plaintiff). The state high court's recent ruling in Walters favors those courts that have held that the availability of another remedy bars a plaintiff's claim for unjust enrichment, regardless of whether that plaintiff prevails in his pursuit of

9

Louisiana law precludes River Birch's unjust enrichment claim. The Louisiana Supreme Court recently observed that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." Walters v. MedSouth Record Mgmt., LLC, 38 So.3d 241, 242 (La. 6/4/10)(per curiam). In Walters, the plaintiff pursued tort claims against a medical records company that had charged the plaintiff's attorney fees for obtaining certified records requested by the plaintiff. Id. The state trial court dismissed the tort claims on an exception of no cause of action based on prescription. Id. The plaintiff then amended his petition to allege that the company had been unjustly enriched in charging unauthorized fees. Id. The district court denied the company's exception of no cause of action and the state appellate court denied the company's requested relief. Id. Noting that the unjust enrichment remedy is "subsidiary in nature" and "only applicable to fill a gap in the law where no express remedy is provided," the Supreme Court reversed the judgment of the district court, granted the exception of no cause of action, and dismissed Walters' suit with prejudice. Id. "Because the law provided plaintiff with another remedy," the state high court held, "we find he has failed to state a cause of action in unjust enrichment." Id. ("[h]aving pled a delictual action, we find plaintiff is

---

other remedies.

precluded from seeking to recover under unjust enrichment").[3] The same state law principles drive the Court's decision because it is undisputed that the plaintiff has other remedies "available" to it within the meaning of Walters. See id. (citing Jim Walter Homes v. Jessen, 732 So.2d 699, 706 (La.App. 3 Cir. 3/31/99)("[t]o find that [the plaintiff] has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory")); see also Morphy, Makosky, & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 572 (La. 1989)("the existence of a claim on an express or implied contract precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy available at law (subsidiarity)"); see also Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co., 376 F.3d 399, 409 (5th Cir. 2004)(affirming district court's dismissal of the plaintiff's unjust enrichment claim for failure to state a claim, noting "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract"). The plaintiff's unjust enrichment claim against Creek Services must fail because the plaintiff has another remedy available at law: its

---

[3] This was so even though the plaintiff failed to recover on his remedy at law because his delictual claim had prescribed.

breach of contract claim (or the Louisiana Open Account statute claim). River Birch has no right to recover under an unjust enrichment theory as a matter of state law; that claim must be dismissed.

Accordingly, the defendants' motion for partial dismissal pursuant to Rule 12(b)(6) is DENIED in part (as to the open account claim) and GRANTED in part (as to the unjust enrichment claim).

New Orleans, Louisiana, June 20, 2011

_____
MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE